UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RICKY CLAY JONES,** <br> **TDCJ No. 01523892,** <br><br> Petitioner, <br><br> v. <br><br> **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL NO. SA-22-CA-01014-JKP |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Ricky Clay Jones's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) wherein Petitioner challenges the loss of street-time credit following the revocation of his parole. Also before the Court are Respondent Bobby Lumpkin's Answer (ECF No. 11) and Petitioner's Reply (ECF No. 15) thereto.

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In August 2008, Petitioner plead guilty to manufacturing over 400 grams of a controlled substance (methamphetamine) and was sentenced to fifteen years of imprisonment. *State v. Jones*, No. 13860 (29th Dist. Ct., Palo Pinto Cnty., Tex. Aug. 28, 2008); (ECF No. 12-12 at 26-28). Petitioner was incarcerated for this offense until January 24, 2012, when he was released from Texas Department of Criminal Justice (TDCJ) custody to parole supervision. However,

Petitioner failed to fulfill the terms and conditions of his release, and a warrant was issued for Petitioner's arrest on November 7, 2017.  (ECF No. 1 at 8).  Petitioner was eventually arrested on August 18, 2021, and his parole was revoked a few weeks later.  (ECF No. 12-12 at 22).

Petitioner returned to TDCJ custody having received "street-time credit"[1] from the date he was paroled to the date of the arrest warrant, but did not receive credit for the three years, nine months, and eleven days (1,380 days) between the date of his arrest warrant and his actual arrest. Unsatisfied with this calculation, Petitioner filed a time dispute resolution (TDR) form with TDCJ.  (ECF No. 12-12 at 24).  In response, TDCJ issued the following finding:

> You met your midpoint date of 09/11/17.  The 3 years 9 months and 11 days out of custody was between your calculated warrant issued date 08/20/16 and your calculated warrant executed date 06/01/20.

*Id*.

Petitioner then filed a state application for habeas corpus relief, arguing that TDCJ used incorrect dates when calculating his street-time credits and that he should be given credit for the 1,380 days between his arrest warrant and actual arrest.  *Id*. at 4-18.  The Texas Court of Criminal Appeals ultimately denied Petitioner's state application without written order on June 29, 2022.  *Ex parte Jones*, No.  42,708-05 (Tex. Crim. App.); (ECF No. 12-13).  Two months later, Petitioner placed the instant federal habeas corpus petition in the prison mail system.  (ECF No. 1 at 12).  In it, Petitioner again challenges the denial of 1,380 days of street-time credit by raising the same allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings.

---

[1]  "Street-time credit" refers to the "calendar time a person receives towards his sentence for days spent on parole or mandatory supervision."  *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004).

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's

determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

Petitioner contends he is entitled to 1,380 days of street-time credit for the time he spent on parole following his arrest warrant in November 2017 but prior to his actual arrest in August 2021. To succeed, Petitioner needs to establish that he has a "liberty interest" to his claimed street-time credit. *Rhodes v. Thaler*, 713 F.3d 264, 266 (5th Cir. 2013). Such protected liberty interests "may arise from two sources—the Due Process Clause itself and the laws of the States." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citation omitted).

The Fifth Circuit has clearly held that there is no federal constitutional right to receive credit towards a sentence for street time. *Rhodes*, 713 F.3d at 266 & n.9 (finding no protected liberty interest in street-time credit under the Due Process Clause); *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996) (same); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence" under the Due Process Clause). Thus, whether there is a protected liberty interest hinges on state law.

Under Texas law, eligibility for street-time credit is determined by the statute in effect upon the revocation of parole. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App.

2009).  Prior to 2001, Texas prisoners automatically forfeited street-time credit as a consequence of parole revocation.  *Ex parte Spann*, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004) (citing Tex. Gov't Code § 508.283).  However, the law changed in 2001, and § 508.283 was amended to specify that only certain violent offenders would forfeit street-time credit upon the revocation of their parole.  *Id*. at 393-94.  Now, in relevant part, § 508.283 states:

> If the parole . . . of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.
>
> * * *
>
> For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant[.]

Tex. Gov't Code § 508.283(c) (West 2021).  In other words, under the amended statute, a prisoner whose parole was revoked after September 2001 may have a liberty interest in retaining street-time credits accumulated while on release if two conditions are met: (1) the person is eligible for early release; and (2) the "remaining portion" of the sentence is less than the amount of time spent out on release.  *See Ex parte Spann,* 132 S.W.3d at 392-94.

But while § 508.283(c) may create a liberty interest in street-time credits under certain circumstances, the next provision of the same statute makes clear that the accumulation of such credits is suspended following the issuance of an arrest warrant:

> If a warrant is issued charging a violation of a release condition . . ., the sentence time credit may be suspended until a determination is made in the case.  The suspended time credit may be reinstated if the parole, mandatory supervision, or conditional pardon is continued.

Tex. Gov't Code § 508.283(d) (West 2021).

5

Moreover, if the same prisoner is eventually found to have violated a condition of his release, he would not be entitled to receive street-time credit for any time following the issuance of that arrest warrant:

> If it appears a releasee has violated a condition or provision of the releasee's parole or mandatory supervision, the date of the issuance of the warrant to the date of the releasee's arrest is not counted as a part of the time served under the releasee's sentence.

Tex. Gov't Code § 508.253 (West 2021).

Here, because his parole was not revoked until September 2021, Petitioner may have a liberty interest in street-time credits accumulated while released on parole, as he met the requirements set forth in § 508.283(c). And, in fact, Petitioner received street-time credit from the date he was released on parole (January 24, 2012) to the date that a warrant was issued for his arrest (August 18, 2021) because he met the midpoint calculation date under the statute. (ECF No. 12-12 at 24). But the issue in this case is whether Petitioner is entitled to street-time credit for the 1,380 days following the issuance of his arrest warrant until the time of his actual arrest. Both § 508.283(d) and § 508.253 indicate that he does not.

Because this period of time was specifically excluded by the Texas Legislature from being considered part of a parolee's sentence, it necessarily follows that Petitioner has no liberty interest in such street-time credit. *See, e.g., Weems v. Quarterman*, 3-07-CV-0576-K, 2009 WL 1683402, at *3 (N.D. Tex. June 15, 2009) (finding petitioner was not entitled to street-time credit from the date of arrest warrant until the date petitioner was arrested on the warrant). And since Petitioner is not entitled to the 1,380 days of street-time credit in question, there is no error in the calculation of his sentence. Petitioner's claims therefore lack merit.

Finally, the Court also observes that Petitioner raised the same issues in his state habeas application. (ECF No. 12-12 at 4-18). Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's rejection of Petitioner's allegations. Consequently, given the deference afforded state court determinations on federal habeas review, relief is denied. *Richter*, 562 U.S. at 103.

## IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in Petitioner's state court proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Ricky Clay Jones's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 2nd day of January, 2024.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**